[No. 25554. Department One. July 26, 1935.]

GEORGE H. RUMMENS et al., Appellants, v. THE HOME SAVINGS AND LOAN ASSOCIATION et al., Respondents.[1]

[1]Reported in 47 P. (2d) 845.

*Tracy E. Griffin,* for appellants.
*Carkeek, McDonald & Harris,* for respondents.

MAIN, J.—This action was brought to rescind a contract for two deposits in a savings and loan association, which were induced by fraudulent representations as to the solvency of the institution at the time the deposits were made, and to recover a judgment for the amount thereof, plus legal interest. The cause was tried to the court without a jury, and resulted in findings of fact from which it was concluded that the relief sought could not be had. From the judgment dismissing the action, the plaintiffs appeal.

There is no dispute as to the facts, and they may be briefly summarized as follows: The appellants were named as executors and trustees in the last will and testament of Barbara E. Rummens, deceased. The respondent is the receiver and liquidator of The Home Savings and Loan Association, a corporation organized under the laws of this state, with its principal place of business in Seattle. As trustees under the will, the appellants made two deposits of trust funds in their possession in The Home Savings and Loan Association, one on February 6, 1929, of four thousand dollars, and one on October 25, 1929, of $4,336.75. These deposits were made after inquiry by one of the appellants as to the financial condition and solvency of the institution. It was represented, both orally and by a printed financial statement, that the institution was entirely solvent when, in fact, it was then in an insolvent condition.

Subsequent to February 6, 1929, when the first deposit was made, approximately 2,960 persons became members of the association, and subsequent to October 25, 1929, approximately 5,342 persons became members. The aggregate amount of these deposits was

something over five million dollars. The Home Savings and Loan Association continued to do business until July 6, 1931, when Harry C. Johnson, as supervisor of savings and loan associations in this state, took charge of it, and in December, 1931, he was appointed receiver and liquidator of the association.

By this action, as already indicated, the appellants sought a rescission of the contract by which they placed the two deposits therein, and sought judgment for the amount thereof, together with legal interest.

The controlling question is whether they, having been induced to make the deposits by fraudulent representations, are entitled, after the institution has passed into the hands of a receiver for the purpose of liquidation, to rescind and have judgment for the amount of money placed in the institution.

Savings and loan associations in this state are organized under chapter 1 of Title 21 of Rem. Rev. Stat., § 3716 [P. C. § 4565] *et seq.,* where the plan of incorporation and the powers thereof are defined. In this chapter, the members of such associations are referred to as "shareholders," and not as "stockholders." The basic principle underlying the business of savings and loan associations in this state is that of mutuality, and the fact that they may loan their money to non-members does not rob them of this quality. *In re Krueger's Estate,* 173 Wash. 114, 21 P. (2d) 1030; *Bank of Fairfield v. Spokane County,* 173 Wash. 145, 22 P. (2d) 646. While the members of savings and loan associations may sometimes be referred to as stockholders, they are depositors rather than investors in corporate stock. *Aberdeen Savings & Loan Ass'n v. Chase,* 157 Wash. 351, 289 Pac. 536, 290 Pac. 697, 71 A. L. R. 232; *Gostina v. Whitham,* 180 Wash. 165, 39 P. (2d) 381.

A savings and loan association is deemed to be in-

solvent when it cannot pay back to its members or shareholders the amount of their contributions dollar for dollar. *Mott v. Western Savings & Loan Ass'n,* 142 Ore. 344, 20 P. (2d) 236; Sundheim, Law of Building and Loan Associations (2d ed.), p. 179, § 175; *Stone v. Schiller B. & L. Ass'n,* 302 Pa. 544, 153 Atl. 758.

The controlling principle of savings and loan associations being that of mutuality among its shareholders, all must fare alike, in that all burdens shall be borne equally, and profits shared equally, unless one class of shareholders has a superior equity. *McPherson v. Railway Savings & Building Ass'n,* 93 Colo. 155, 25 P. (2d) 388; Endlich on Building Associations (2d ed.), p. 505.

Under the rules stated, the appellants cannot prevail in this case unless they have a superior equity over the other members of the association. As already stated, there was a large number of persons who became shareholders subsequent to the time when the deposits here involved were made. It is undoubtedly true that the deposits made by these subsequent shareholders were not induced by the same active and vigorous fraudulent representations as pertained to the ones made for which recovery is here sought. The subsequent deposits, however, were made during the time that the institution remained open, and the fact that it remained open for the transaction of business in the usual manner was a representation to every person dealing with it that it was a solvent institution and was able to keep and perform its contracts. In other words, it was a representation that the institution was solvent. *Raynor v. Scandinavian American Bank,* 122 Wash. 150, 210 Pac. 499, 25 A. L. R. 716; *Washington Shoe Mfg. Co. v. Duke,* 126 Wash. 510, 218 Pac. 232, 37 A. L. R. 611.

It thus appears that the deposits made subsequent

to those here involved were induced by fraud. As against these, the appellants have no superior equity, because, as already pointed out, the controlling principle of a savings and loan association is mutuality, and all members thereof must fare alike, and one cannot profit at the expense of another.

To sustain the contention of the appellants, would be, in effect, to place them in the position of a preferred creditor, and this would be at the expense of the other shareholders. The situation is somewhat analogous to that of an ordinary business corporation where one is induced by fraud to purchase stock and seeks afterwards to rescind and recover his money back after there has been an assignment for the benefit of creditors or a receiver appointed to liquidate it. In such a case, rescission cannot be had if there are creditors who became such subsequent to the time of the purchase of stock in the insolvent corporation. *Atwood v. McKenzie-Waterhouse Co.*, 120 Wash. 214, 206 Pac. 978, 41 A. L. R. 650; *Goodin v. Palace Store Co.*, 164 Wash. 625, 4 P. (2d) 493.

The Home Savings and Loan Association being insolvent and in the possession of a receiver for the purpose of liquidation, and the appellants having no superior equity over other members of the association who were induced to become members by fraudulent representations, it follows that the case was correctly decided by the trial court.

The judgment will be affirmed.

GERAGHTY, TOLMAN, BEALS, and STEINERT, JJ., concur.