[No. 26493. Department Two. March 12, 1937.]

*In the Matter of the Receivership of* THE HOME SAVINGS AND LOAN ASSOCIATION.

THE HOME SAVINGS AND LOAN ASSOCIATION *et al.,* *Appellants,* v. T. M. DONAHUE, *as Liquidator,* *Respondent.* [1]

[1]Reported in 65 P. (2d) 1249.

*John W. Whitman,* for appellants.

*The Attorney General, R. G. Sharpe, Assistant,* and *Carkeek, McDonald, Harris & Carroll,* for respondent.

TOLMAN J.—For some time past, there has been pending in the superior court for King county an action in which a receiver was appointed for the Home Savings and Loan Association, a corporation, and in which that corporation has and now is being liquidated. In October, 1936, the appellants filed in that proceeding their petition seeking the discharge of the receivership and the return of the control of the corporation to its shareholders. At the same time, probably for the purpose of preventing transfers of real property while the petition was pending, a notice of *lis pendens* was filed. The respondent demurred to the petition and moved for an order cancelling the notice of *lis pendens.* The trial court sustained the demurrer and the petitioners announced that they would stand upon their pleading. Thereupon a judgment of dismissal was entered in which was embodied an order cancelling the notice of *lis pendens.* The petitioners have appealed.

We do not propose to set forth the lengthy and somewhat involved allegations of the petition, but in the interest of economy of time and space we shall discuss it from the standpoint of what it fails to charge.

The petition does not state facts which are sufficient to support the legal conclusion of the pleaders to the effect that The Home Savings and Loan Association is now solvent. It is true that the petition alleges that all claims against the association have been paid except only the claims of its shareholders, but that is not enough.

The petition fails to show the amount contributed by shareholders, and though it states that the assets of the

association were appraised during the year 1936 at $2,190,455.72, there is no basis pleaded from which it can be held that (even if the appraised value is realizable), that sum would be sufficient to pay back to the shareholders the amount of their contributions in full.

In the case of *Rummens v. Home Savings & Loan Ass'n,* 182 Wash. 539, 47 P. (2d) 845, 100 A. L. R. 570, we laid down the following rule:

"A savings and loan association is deemed to be insolvent when it cannot pay back to its members or shareholders the amount of their contributions dollar for dollar. *Mott v. Western Savings & Loan Ass'n,* 142 Ore. 344, 20 P. (2d) 236; Sundheim, Law of Building and Loan Associations (2d ed.), p. 179, § 175; *Stone v. Schiller B. & L. Ass'n,* 302 Pa. 544, 153 Atl. 758."

The rule so announced is based upon respectable authority. It appears to be a just, safe, and wholesome rule. Hence, we see no reason for departing from it.

█ There is no allegation in the petition to the effect that the supervisor of savings and loan associations has approved the plan to reopen the corporation as an active association, and nothing is alleged which constitutes a legal reason or excuse for dispensing with the approval of the supervisor.

Section 4, chapter 171, Laws of 1935, p. 597 (Rem. Rev. Stat. (Sup.), § 3717-78 [P. C. § 4564-97]), among other things, provides:

"At any time prior or subsequent to the taking over of an association by the supervisor as in this act provided or prior or subsequent to the appointment of a liquidator therefor, such association, when such action is approved by the supervisor and by a two-thirds majority in amount of the shareholders present and voting at a special meeting called as in this act provided, may (first) proceed to voluntary liquidation or (second) . . . . reopen as an active association. . . ."

445

The petition being insufficient in these two very fundamental matters, it follows that the demurrer was properly sustained. Hence, there is no necessity for determining whether in other respects the facts pleaded were sufficient.

The petitioners having stood on their pleading and their petition having been dismissed, the notice of *lis pendens* had no foundation upon which to rest, and the judgment properly directed its cancellation.

The judgment is affirmed.

MILLARD, HOLCOMB, GERAGHTY, and ROBINSON, JJ., concur.