[No. 27578. *En Banc.* December 9, 1939.]

THE STATE OF WASHINGTON, *on the Relation of the Home Savings and Loan Association, Appellant,* v. VICTOR SKINNER, *as State Supervisor of Building and Loan Associations, et al., Respondents.*[1]

[1]Reported in 97 P. (2d) 133.

*John W. Whitham* and *A. A. Booth,* for appellant.

*The Attorney General, Geo. G. Hannan, Assistant, W. H. Harris, Charles L. Harris,* and *Bert A. Northrop,* for respondents.

BEALS, J.—For several years prior to 1931, the Home Savings and Loan Association, a corporation organized under the laws of this state as a savings and loan association, was engaged in business in the city of Seattle. July 7, 1931, the state, acting through Harry C. Johnson, the then director of efficiency, who was of the opinion that the association was insolvent, closed the association and took possession of its assets. Finding that the association was, in fact, insolvent, Mr. Johnson called upon the directors to place it in a sound condition and, upon their failure so to do, filed a petition in the superior court, asking that he be appointed receiver. By order dated November 7, 1931, Mr. Johnson was appointed receiver, this court on appeal affirm-

ing the order of appointment. *In re Home Savings &* *Loan Ass'n,* 165 Wash. 351, 5 P. (2d) 511.

December 2, 1931, the superior court entered an order dissolving the association, whereupon the receiver discharged the directors. Ever since that time, the association has been in receivership, under the direction of the superior court for King county, the matter for several years having, by assignment, pertained to the department of the superior court presided over by Judge Clay Allen. The present receiver is Victor G. Skinner, state supervisor of savings and loan associations, who was appointed March 16, 1938.

It appears that, after the director of efficiency had closed the association, a new board of directors was chosen, which was at least tentatively recognized by the director, who later, as above stated, applied for appointment as receiver of the association.

In 1933, the legislature enacted two laws concerning savings and loan associations, one entitled "Savings and Loan Association Act," being Laws of 1933, chapter 183, p. 711 (Rem. Rev. Stat. (Sup.), § 3717-1 [P. C. § 4564-1] *et seq.*); the other covering the matter of the liquidation of insolvent associations, being Laws of 1933, chapter 93, p. 395 (Rem. Rev. Stat. (Sup.), § 3735-1 *et seq.*). In 1935, an amendment to the former act was passed, being Laws of 1935, chapter 171, p. 597, § 4 (Rem. Rev. Stat. (Sup.), § 3717-78 [P. C. § 4564-97]).

During the year 1934, an action was brought for the purpose of rescinding a contract for two deposits with the association, the association and its receiver and liquidator being named as defendants. The superior court dismissed the action, and on appeal this judgment was affirmed by this court. *Rummens v.* *Home Savings & Loan Ass'n,* 182 Wash. 539, 47 P. (2d) 845, 100 A. L. R. 570. This court in its opinion

laid down the rule that a savings and loan association is deemed insolvent when it cannot pay back to its members their deposits, dollar for dollar.

A group of shareholders, purporting to act for the association, met December 9, 1935, elected a board of directors, and voted in favor of reopening the association. A week later, the persons elected as directors at this meeting filed in the receivership proceeding a petition asking that the association be released from liquidation, in order that it might reopen for business. In the course of reaching a final determination upon this petition, Judge Allen indicated that he would call a special meeting of the shareholders, to express their views on the question of reopening, whereupon certain of the shareholders applied to this court for a writ of prohibition to restrain the superior court from proceeding as suggested. The application for the writ was denied (*State ex rel. Berger v. Allen,* 186 Wash. 403, 58 P. (2d) 293), this court holding that, under existing statutes, the superior court had jurisdiction to proceed in accordance with the plan outlined; that the corporate existence of the association continued; and that the association might, under certain circumstances, be permitted, under § 3717-78, above referred to, to proceed by way of self-liquidation.

June 20, 1936, an order was entered by the superior court calling a special shareholders meeting for July 20-21, to consider the matter of reopening the association or leaving the same in liquidation under the direction of the supervisor and the control of the superior court. The notice also provided for the election of a board of directors. Notice of the meeting was mailed to each shareholder, the meeting was held, and a report of the proceedings filed in the cause by persons appointed by the court to conduct the meeting. The shareholders present at the meeting voted by a large

majority that the association remain in liquidation, under control of the court. Six persons were elected directors, five of whom qualified, whose election was confirmed by court order.

During the month of October, 1936, certain of the association's shareholders filed in the receivership proceeding a petition, praying that the receiver be discharged, the receivership terminated, and control of the corporation returned to its shareholders; that the persons elected directors at the meeting held December 9, 1935, be declared to be the legally elected directors of the association; and that the election held July 21, 1936, pursuant to the court's order, be declared to be illegal and void. The petitioners alleged that the ballots used at the latter meeting were confusing; that some shareholders had made false charges against other shareholders; that proxies had been wrongfully secured and used; and that it should be held that fraud had been practiced upon the shareholders. A demurrer to this petition was sustained, and the petition dismissed. On appeal to this court, the order dismissing the petition was affirmed. *In re Home Savings & Loan Ass'n,* 189 Wash. 442, 65 P. (2d) 1249.

May 13, 1937, certain shareholders petitioned the superior court for an order setting aside the removal of the board of directors by the first receiver, Johnson, and asked that that board be declared to be the legal board of directors. A demurrer to this petition was by the superior court sustained, this ruling not having been reviewed before this court.

July 25, 1938, some of these same stockholders, claiming to be directors of the association, called a meeting of the shareholders, sending out, as they testified, approximately three hundred notices of the meeting. Approximately two hundred fifty out of the nine-

teen thousand shareholders attended the meeting, 3,586 shares voting that the association reopen and 386 shares voting against that proposition. The receiver was duly notified of this meeting, but apparently took no action.

August 1, 1938, this cause was instituted before the superior court for Thurston county, by way of a proceeding in mandamus, the complaint alleging the corporate existence of the association; that defendant Victor Skinner, as state supervisor of building and loan associations, was acting as liquidator of the association; that L. F. Lane and six other persons were the elected and qualified directors of the association; that Mr. Johnson had been appointed receiver, as above set forth; that the association still owned assets of the value of a million and a half dollars; that the shareholders had ordered other assets charged off and the association reopened; that the board of directors referred to in the petition had called a meeting of the shareholders for July 25, 1938, the date fixed by the by-laws of the association for its annual meeting; and that, at the meeting so called, 3,622 votes were cast in favor of reopening (the number of votes alleged to have been cast in favor of reopening differing slightly from the number as alleged in the notice to the receiver) and 386 votes against reopening, but that the liquidator refused to return the assets to the association or to permit the same to reopen. The petition prayed that a writ of mandate issue, directed to defendant Victor Skinner, commanding him to account to the association and turn over such an account, with all the remaining assets belonging to the association, to the board of directors.

After due proceedings, the action was transferred to King county for trial, and an order was entered permitting Charles E. Stutz and five other persons to

intervene in the action, they being the directors of the association who had been elected at the meeting called by the court July 21, 1936.

The cause was tried before Honorable Chester A. Batchelor, judge of the superior court for King county, sitting without a jury, and resulted in findings of fact and conclusions of law in favor of defendant and interveners, followed by a judgment dismissing the proceeding, from which judgment this appeal has been prosecuted.

Appellant assigns error upon the refusal of the trial court to grant the writ of mandate prayed for; upon the making of the findings of fact and conclusions of law; upon the refusal of the court to enter findings of fact proposed by appellant; upon the entry of judgment of dismissal; upon the denial of appellant's motion for a new trial; and upon the refusal of the trial court to allow, as a charge against the receivership, the costs of the shareholders meeting. Appellant also assigns error upon the admission of an exhibit offered by respondent.

█ Appellant contends that the trial court erred in admitting in evidence a copy of the letter dated December 2, 1931, written by Mr. Johnson, state director of efficiency, and on that date receiver of the association, discharging the then directors of the association. Appellant argues that the record contains no evidence that the notice of removal was sent to three members of the board of directors, or, indeed, that the notice was ever issued by the director of efficiency as supervisor. Appellant also argues that the notice was based upon an order dissolving the association, and that this order was later set aside by judicial decree.

Two of the directors of the association, who were such prior to December, 1931, testifying in this proceeding, stated that they had been discharged as di-

rectors, and one of them testified that three other directors had received similar notices of discharge. The record contains other testimony to the same effect. The record also discloses that several times it was contended before the superior court that the discharge of the board of directors, as the same had been constituted prior to December, 1931, was illegal and void, and that the matter was determined contrary to such contention.

On the other hand, it is contended, on behalf of appellant, that the opinion of this court in the case of *State ex rel. Berger v. Allen,* 186 Wash. 403, 58 P. (2d) 293, *supra,* necessarily implies that the old board of directors was still functioning. In the cited case, it was held that the association had not been completely dissolved and terminated, but that the association as a legal entity still existed. The opinion in the case cited does not support appellant's contention. No question was presented as to what persons constituted the board of directors, and the opinion did not decide that question.

The exhibit offered had some probative value, and the court did not err in receiving it. We are convinced that the record amply supports the proposition that the members of the board of directors were discharged early in December, 1931, and that this question is no longer open to judicial inquiry.

It is evident that the association's shareholders have been divided into three groups: One, represented by appellants, in favor of charging off losses and reopening the association; another in favor of continuing the liquidation of the assocation through the receiver and under the direction of the court, this group represented by interveners; and the third group indifferent and taking little interest in the matter. As above indicated, matters concerning the association have given

rise to much litigation and several appeals to this court.

In the case at bar, the trial court very patiently heard the evidence, permitting the parties to introduce numerous exhibits and much testimony. At the close of the case, the court pronounced a comprehensive oral summation of the evidence, containing an able analysis thereof, and clearly stating its conclusions. Later, explicit findings of fact were signed, followed by the court's conclusion that the case should be dismissed.

The court found that, December 2, 1931, Harry C. Johnson, as director of efficiency of the state of Washington, discharged seven directors of the association, and "that no appeal was taken from said discharge as provided by statute, and the same became final;" that three of the persons instrumental in bringing this action claim to be directors of the association, because they were directors prior to and on December 2, 1931; that four other persons, also instrumental in bringing this action, claim to be directors under appointment to succeed the other discharged directors; but that none of the persons referred to "are or were at the time of the commencement of this action directors of the association;" and that the persons above referred to had no right to bring this action on behalf of the corporation.

The court further found that, May 13, 1937, there was filed in the receivership proceeding a petition to set aside the notice of removal of the board of directors, dated December 2, 1931, the petitioners alleging that the order of removal was void; that a hearing was had on the petition before the superior court, with the result that an order was entered sustaining a demurrer to the petition and ordering the dismissal thereof; that this order was not appealed from, became final and

binding, and constitutes *res judicata* as to the issue presented.

Referring to the meeting of the shareholders called pursuant to order of the superior court dated June 20, 1936, the court found that notice of the meeting was mailed to all shareholders; that an election was held July 21, 1936, pursuant to this notice; that the shareholders voted against reopening the association, against self-liquidation thereof, and in favor of maintaining the association in liquidation under the supervision of the supervisor of savings and loan associations and under control of the superior court; that the results of the election were embodied in an order entered by the superior court April 10, 1937; that all parties interested knew of the entry of the order, but no exceptions were taken thereto and no appeal taken therefrom. In this proceeding, the trial court expressly found that the meeting was impartially and fairly conducted; that at the meeting the interveners herein were elected directors of the association; and that interveners were, at the time of the making of the findings, the directors of the association.

The court found that no evidence had been introduced of any changed conditions since the meeting of July 21, 1936, which would require the exercise of any discretion as to the reopening of the association, or that would necessitate the calling of another election; and that the supervisor has not consented to the reopening of the association, the self-liquidation thereof, or the charging off of losses.

In regard to the election of July 25, 1938, the court found that the meeting was not called by the court, the supervisor, or the directors of the association; that the persons who called the meeting were not authorized to call the same; that a very small percentage of the shareholders had notice of the meeting; and that no

action taken at the meeting was binding upon the supervisor, the court, or the shareholders, the meeting having been attended by less than two hundred fifty shareholders.

The court further found that respondent Victor Skinner, as director of savings and loan associations and liquidator of this association, has not acted in an arbitrary or capricious manner; that, prior to the commencement of this action, no plan of reorganization of the association had been submitted to Mr. Skinner; and that, as far as the evidence showed, the liquidation of the association had been carried out in an honest and able manner.

Appellants do not argue that the appointment of a temporary receiver of the association was wrongful, but they vigorously contend that the receiver should have been discharged long since; that the order of the superior court dated December 2, 1931, dissolving the association, was procured by fraud perpetrated upon the court and constituted a fraud upon the association, the board of directors, and the shareholders.

In the case of *State ex rel. Berger v. Allen,* 186 Wash. 403, 58 P. (2d) 293, this court held that the order last referred to amounted to no more than a judicial act suspending the association's business and did not have the effect of actually terminating the corporate existence. Concerning this phase of the case, the court said:

"Any other interpretation would not be in consonance with our decision, inasmuch as *The Attorney General* had not gone so far as to ask for a dissolution of the association, but only that the director of efficiency be appointed receiver, and this court granted no greater relief. Complete dissolution was not sought nor granted. There could be no dissolution, strictly

speaking, unless the association had lost all power to continue or to resume its business as a going concern. Considering all of the circumstances, we conclude that the order relied upon as dissolving the association did not have the effect of destroying its juristic entity."

In the first place, we are of the opinion that the association was insolvent at the time the director of efficiency closed its doors in July, 1931. On appeal from the order appointing the receiver, this court, *In re Home Savings & Loan Ass'n,* 165 Wash. 351, 5 P. (2d) 511, said:

"It is plain, as we have seen, that the association is hopelessly in an unsound condition; that the association's directors have not taken any steps looking to its restoration to a sound condition; that the association's unsound condition plainly calls for the liquidation and winding up of its affairs; and that Johnson, as director of efficiency, has not approved of voluntary liquidation."

In the case of *Rummens v. Home Savings & Loan Ass'n,* 182 Wash. 539, 47 P. (2d) 845, 100 A. L. R. 570, it was again held that the association was insolvent, and the rule stated as follows:

"A savings and loan association is deemed to be insolvent when it cannot pay back to its members or shareholders the amount of their contributions dollar for dollar."

At no time since has the supervisor approved the reopening of the association, its self-liquidation, or the charging off of losses.

*In re Home Savings & Loan Ass'n,* 189 Wash. 442, 65 P. (2d) 1249, on appeal from an order dismissing a petition seeking the discharge of the receiver and the return of the control of the corporation to its shareholders, the judgment of dismissal was affirmed, this court holding that the trial court correctly ruled that the petition was insufficient. One of the grounds upon

which the petition was held deficient was that it contained no allegation to the effect that the supervisor of savings and loan associations had approved the plan to reopen the corporation as an active association, no legal reason or excuse being alleged for dispensing with such approval.

In the case at bar, the trial court found that the supervisor has not acted arbitrarily or capriciously, and the evidence amply supports this finding.

■ Appellants vigorously attack the legality of the shareholders meeting called under the direction of the superior court, and which met July 20-21, 1936. It is argued that no law authorizes the calling of such a meeting; that the shareholders were not permitted any voice in the plan and management of the meeting; that the appointed chairman of the meeting was not a shareholder; that the supervisor of the election was not a shareholder; that shareholders were intimidated; that they were not permitted to inspect lists of the shareholders; that proxies were solicited from many shareholders and were obtained upon false pretenses. Appellants admit that the majority of votes cast were against discharging the liquidator, but contend that this proposition was defeated by votes cast pursuant to fraudulent proxies and intimidation.

It would seem that the selection of a disinterested and competent person to act as chairman of the meeting, and of another to act as supervisor of the election, were steps wisely taken. A lengthy review of the evidence concerning this meeting would not be profitable. It is sufficient to say that the finding of the trial court, to the effect that the meeting was legally called and fairly conducted, is amply supported by the record.

Under its general powers as a court of equity in charge of the liquidation of the association and its receivership, the judge of the superior court before whom

the matter was pending had ample authority to call a special meeting of the shareholders to consider questions upon which the shareholders could, with propriety, express their opinion. As to how far any opinion so expressed by a vote of the shareholders might bind the court, and how far be considered as advisory only, no question is here presented.

We agree with the trial court that the record affords no · basis for holding that changed conditions require that the supervisor approve the reopening of the association, and two-thirds majority in amount of the shareholders present and voting at a shareholders meeting has never approved such action.

The record is long, and some other questions are argued. It is not, however, necessary to further extend this opinion. The findings of the trial court are amply supported by the record, and the court properly held that the record fails to show that appellants are entitled to the relief which they ask.

The judgment appealed from is affirmed.

BLAKE, C. J., MAIN, MILLARD, GERAGHTY, ROBINSON, SIMPSON, and JEFFERS, JJ., concur.